## INMAN *v.* BULLOCH COUNTY.

Where one joins with other persons in making application for an alteration in an old road, and petitions that the new road be laid out along the route which passes over the applicant's land, and commissioners are appointed under the provisions of the Civil Code, § 640, and where they proceed to mark out the new road along a route agreed upon by themselves and the landowner, and make their report, and the board of commissioners of the county pass an order that the report thus made be adopted and that the alteration be made conformably thereto, it is not competent for the board of commissioners to have the new road constructed in a different location from that marked out; and where they attempt to do so they should be enjoined.

DECEMBER 13, 1913.

Petition for injunction. Before Judge Rawlings. Bulloch superior court. May 6, 1913.

Miss Willie B. Inman brought her petition against the County of Bulloch, seeking to enjoin the county and the board of county commissioners from opening a road through lands belonging to her along a certain route described in the petition. She alleged: In the year 1911 she joined with certain other persons in petitioning that a road be laid out which would have the effect of straightening a public road then existing and in use, by laying out a road along a new route which, for a part of the way, would pass through her lands. The board of county commissioners appointed three commissioners with authority to review the proposed change in the road, and to make a report to the board of county commissioners as to its public utility, convenience, etc., and to mark out the proposed changes. Under the proposed alteration the new road traversed the lands of petitioner, and the route along which the new road would pass was marked out by the three commissioners, making a straight road from a designated point to a given terminus; and petitioner, because of the recognized public utility and convenience of the change, consented that the road be laid out and constructed across her lands as marked out by the commissioners. On August 27, 1911, an order was passed by the board of county commissioners, granting the change in the road as petitioned for, and establishing the new road. No steps were taken to actually lay out the road, further than marking it off, until January 21, 1913, and upon this date the board of county commissioners then in office passed an order requiring that the road "formerly granted" be opened up by contract labor. One of the commissioners then

contracted with one Quattlebaum to open up the proposed road; but instead of following the route that had been marked out and located in 1911, they chose another route in an entirely different location through petitioner's lands from that which had been agreed upon and marked out in 1911 by the commissioners with her consent, and proceeded to do certain work on the same property toward opening it for public use and travel.

At the interlocutory hearing the temporary restraining order previously granted was dissolved and the injunction denied. To this judgment the plaintiff excepted.

*Brannen & Booth,* for plaintiff.

*Fred T. Lanier,* for defendant.

BECK, J. (After stating the facts.) It was competent for the board of county commissioners of Bulloch County, a board created under the provisions of an act approved August 18, 1903 (Acts 1903, p. 322), by compliance with the provisions of the Civil Code, §§ 640-642, to alter the route in an old road where the alteration sought or proposed was found to be of public utility by road commissioners duly appointed. But before the alteration in an old road could be made and a new route laid out through the lands of an owner so as to make the order for the laying out of the new route effective, it was necessary that the notice required in section 642 of the Civil Code should be given. No provision in the section last referred to is made for giving applicants for the alteration in the road any notice. In fact, in making provision for giving the notice, applicants for the proposed alteration are excepted. The applicants are presumed, of course, to take notice of the proceedings had in compliance with their application. The purpose of giving notice to other landowners through whose land the proposed alteration will pass is that they may put in their claims for damages; and if they fail to do this at once, they are forever after estopped. Civil Code, § 642. The petitioner in this case, who was one of the applicants for the alteration, in view of the fact that a route along which she was willing for the road to be constructed was selected and marked out by the commissioners, was satisfied to have the road constructed there without compensation to her for the land taken, and without making any claim for damages. Afterwards, without agreement on her part to any change in the location of the new route, the board of commissioners ordered the alteration

or the new route to be laid out along and over a different strip of land· through her property from that which she had agreed to. This they could not do. They had obtained her consent to open the road through her lands along a definite, fixed route. Having obtained her consent to open the road along this route and over a particular strip of land, and the new route having been definitely fixed and marked, and she having conducted herself with reference to this route so marked out as to estop herself from objecting thereto, they could not select an entirely new and different route without proceeding anew under the provisions of sections 640-642 of the Civil Code. To appoint three commissioners and have them mark out a definite route in accordance with an application for an alteration, which route was adopted by an order duly passed, and then to proceed to open a route over an entirely different strip of land, is not a compliance with the code sections above referred to, which are controlling in the matter of opening up new roads and making alterations in old ones. And a public road opened up as an alteration of an old road is void unless those sections are complied with.

The allegations of the petition showing that the board of commissioners of Bulloch County are about to open up the new route complained of along an entirely different strip of land from that which had been previously marked out by the road commissioners and agreed to by the complaining landowner, and those allegations being supported by uncontroverted evidence, the injunction should have been granted.

*Judgment reversed. All the Justices concur.*